# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HACKENSACK RIVERKEEPER, INC. and NEW CITY NEIGHBORHOOD ASSOCIATION, INC.,<br>   Plaintiffs,<br><br>v.<br><br>ROCKLAND TRANSIT MIX, INC. and BRUNO PALMIERI,<br>   Defendants. | Case No. 1:21-cv-06919 |

## MOTION FOR ENTRY OF CONSENT DECREE AND SUPPORTING MEMORANDUM OF LAW

  Plaintiffs Hackensack Riverkeeper, Inc. and New City Neighborhood Association, Inc. with the consent of Defendants Rockland Transit Mix, Inc. and Bruno Palmieri respectfully move the Court to enter the attached proposed consent decree.

  On March 17, 2022, Plaintiffs notified the Court that the Parties had agreed to a settlement of this case. ECF 21. The Parties lodged a proposed consent decree with the Court and asked the Court to stay all proceedings pending the conclusion of a required forty-five (45) day review period mandated by the Clean Water Act ("CWA") and its regulations, to allow the United States to review the proposed consent decree. 33 U.S.C. § 1365(c)(3); 40 C.F.R. § 135.5(b). *Id.* On March 22, the Court granted the stay. ECF 23.

  On March 17, 2022, Counsel for Plaintiffs provided copies of the fully-executed proposed consent decree to the United States Department of Justice ("DOJ") and the United States Environmental Protection Agency ('EPA"). On May 2, 2022, DOJ filed a letter notifying the Court that "the United States has reviewed the proposed consent decree in this matter and

does not object to its entry by the Court." ECF 24 at 1. Thus, the parties have complied with all the Clean Water Act's procedural requirements.

The Second Circuit has recognized a "strong judicial policy in favor of settlements." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). In examining a consent decree proposed to resolve a citizen suit, "a district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Cub, Inc. v. Electronic Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990) (citing *Citizens for a Better Environment v. Gorsuch*, 718 F.2d 1117, 1125–26 (D.C. Cir. 1983)).

In the context of the Clean Water Act, a settlement agreement should seek, among other things, to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). Often, voluntary compliance with environmental regulations will "contribute significantly toward ultimate achievement of statutory goals" by reducing the cost of environmental compliance. *Patterson v. Newspaper & Mail Deliverers' Union*, 514 F.2d 767, 771 (2d Cir. 1975). Ultimately, settlements encourage informal resolution of disputes, allowing the parties to "gain significantly from avoiding the costs and risks of a lengthy and complex trial." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010).

In its complaint, Plaintiffs alleged that Defendants were violating the CWA by discharging polluted stormwater from their ready-mix concrete facility into a tributary of the Hackensack River, a water of the United States, without authorization under a valid permit. ECF 1 ¶¶ 2–4. The proposed consent decree requires Defendants to come into compliance with the CWA by maintaining its stormwater collection and treatment systems in good working order; undertaking certain monitoring and reporting activities; and taking corrective action in the event of certain future exceedances of a benchmark standard. *See* Consent Decree Ex. A. In addition,

to remedy its alleged past violations, Defendants are required to pay an Environmental Benefit Payment in the amount of $15,000 to the Town of Clarkstown for use on mapping the town's municipal separate storm sewer catch basins, drains, and sewers.

These terms are fair, reasonable, and adequate. By requiring Defendants to maintain their stormwater collection and treatment systems, undertake certain monitoring and reporting activities, and take corrective action, the proposed consent decree remedies the specific statutory violations alleged in the complaint and ensures that Defendants will remain in compliance with the Clean Water Act moving forward. As evidenced by DOJ's review and approval, the agreement is in accordance with public policy. The Court should enter the proposed consent decree and resolve this dispute because doing so will further the CWA's twin policy aims of protecting the health of our nation's waterways and reducing the cost of environmental compliance.

For the reasons stated above, Plaintiffs respectfully move the Court to enter the attached proposed consent decree by signing on page 10 and then e-filing the so-ordered consent decree.

Respectfully submitted this 2nd day of May, 2022.

/s/ Edan Rotenberg
Edan Rotenberg
Super Law Group, LLC
110 Wall Street, 3rd Floor
New York, NY 10005
(212) 242-2355

*Attorney for Plaintiffs*